The bill alleged that in March, 1844, the plaintiff executed to the defendant and Jacob Phillips a mortgage for some slaves to secure the payment of a debt of $1,900 which he owed them; that the plaintiff at one time made a payment of $400 to the said Jacob, and at another time the said Jacob received two negroes at the price of $750, and at another time there was a small payment of $5; that he afterwards paid to the said Jacob $750, on 9 September, 1844, for which he took his receipt, which receipt is filed as an exhibit. The bill further alleges that, (224) after the death of the said Jacob Phillips, when the defendant demanded the slaves, the plaintiff informed him that the mortgage debt was nearly, if not quite, paid off, and offered to pay any balance that might be due, if there had been a mistake as to interest upon a rough calculation; but that the defendant, insisting that the was as large amount due, demanded the slaves, and, upon the plaintiff's refusing to deliver them, brought an action of trover and recovered damages to the amount of $2,000. The prayer is for an injunction against an execution upon the judgment at law, and that the plaintiff may be permitted to redeem the mortgage upon paying the balance, if any, of the mortgage debt, and that he may have a reconveyance of the slaves.
The defendant, in his answer, admits all the payments except the alleged payment of $750 on 9 September, 1844, and he avers that he does not believe that such payment ever was made, and he believes that the whole balance of the debt, with interest, is justify due, after deducting the admitted payments. He says he does not believe that the signature of Jacob Phillips, who was his father, to the alleged receipt is genuine, but believes it to be a forgery, or else that the receipt was given for the price of the two negroes, $750, and has been since altered in its date, and he assigns as his reason for so believing, besides the difference in the handwriting, that his father told him on the day he was killed that there was due upon the debt a balance of about $745 and interest. He further states that, soon after his father's death, he called upon the plaintiff for payment, and the plaintiff did not allege that he had paid the whole, or nearly the whole, of the debt, and said nothing about the alleged receipt but offered to pay the balance of $745, with interest, if the defendant would take two notes. *Page 167 
A motion to dissolve the injunction was refused and the (225) injunction ordered to stand till the hearing. From this order the defendant, by leave of the court, appealed.
The answer does not confess the equity set up in the bill. It is not evasive, but is a fair response to all the allegations. This is sufficient to dissolve the injunction as to the amount of the disputed payment. We do not express any opinion as to the disputed facts, as the case may be retained and brought to a final hearing.
The interlocutory decree should be reversed and a decree entered making the injunction perpetual as to all damages recovered at law except an amount equal to the balance claimed by the defendant to be still due upon the mortgage debt, and dissolving the injunction as to such balance; and there must be a decree against the plaintiff for the costs in this Court.
PER CURIAM. Decree accordingly.